1030-20170                                                                                                              #1235311

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **GOL, L.L.C., REC MARINE LOGISTICS, LLC, and JNB OPERATING, L.L.C.** | **CIVIL ACTION NO. 17-2844** |
| **Plaintiffs** | **DISTRICT JUDGE** |
| **VERSUS** | |
| **ERIC STANBERRY** | **MAGISTRATE JUDGE** |
| **Defendant** | |

## COMPLAINT FOR DECLARATORY JUDGMENT

**NOW INTO COURT**, through undersigned counsel, come Plaintiffs, GOL, L.L.C. (hereinafter "GOL"), REC Marine Logistics, LLC (hereinafter "REC Marine"), and JNB Operating, L.L.C. (hereinafter "JNB"), who represent, upon information and belief, the following:

I.

Plaintiff, GOL, is a limited liability company duly organized under the laws of the state of Louisiana, and is duly authorized to do and is doing business within the jurisdiction of the United States District Court for the Eastern District of Louisiana, with its principal place of business located in Raceland, LA.

II.

Plaintiff, REC Marine, is a limited liability company duly organized under the laws of the state of Louisiana, and is duly authorized to do and is doing business within the jurisdiction of the United States District Court for the Eastern District of Louisiana, with its principal place of business located in Galliano, LA.

III.

Plaintiff, JNB, is a limited liability company duly organized under the laws of the state of Louisiana, and is duly authorized to do and is doing business within the jurisdiction of the United States District Court for the Eastern District of Louisiana, with its principal place of business located in Raceland, LA.

IV.

Defendant, Eric Stanberry, is a person of full age and majority, with a last known address at 6232 Spanish Trail Drive, Theodore, AL 36582.

V.

This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure. This Court has subject matter jurisdiction over this claim pursuant to 28 U.S.C. § 1333, and venue is proper pursuant to Fed. R. Civ. P. 82 and 28 U.S.C. § 1390.

VI.

On or about September 3, 2016, Stanberry was employed by REC Marine as a deckhand and/or engineer on the M/V DUSTIN DANOS.

VII.

Upon information and belief, Stanberry was not employed by GOL on or about September 3, 2016.

VIII.

Upon information and belief, Stanberry was not employed by JNB on or about September 3, 2016.

IX.

On or about September 3, 2016, Stanberry alleges that while opening a door of a supply box on the M/V DUSTIN DANOS, the door sprung open and hit him in the mouth, causing damage to his front tooth, a filling, an injury to his lips, and a headache.

X.

At the time of the alleged incident on September 3, 2016, Stanberry reported the incident to Captain Chris Anglin. Stanberry did not complain of any other resulting injuries except those mentioned in Paragraph IX of this Complaint.

XI.

At the conclusion of his August/September tour of duty for REC Marine on the M/V DUSTIN DANOS, which ran from August 25, 2016 through September 22, 2016 and included the time of his alleged incident, Stanberry signed a No Accident Verification Form stating that he did not suffer an injury or illness during the tour.

XII.

At the conclusion of his October/November 2016 tour of duty for REC Marine on the M/V DUSTIN DANOS, which ran from October 6, 2016 through November 4, 2016, Stanberry signed a No Accident Verification Form stating that he did not suffer an injury or illness during the tour.

XIII.

On or about October 6, 2016, Stanberry and Captain Chris Anglin spoke with the Health, Safety, and Environmental Managers ("HSE Managers") for REC Marine, Brian Harris and Artie Angeron. During this meeting, Stanberry did not complain of any further incident or injuries.

XIV.

After the alleged incident on or about September 3, 2016, REC Marine arranged and paid for dental treatment to cure Stanberry's dental injuries allegedly resulting from the September 3, 2016 incident, inclusive of visits, examinations, and all necessary dental procedures.

XV.

After Stanberry received the dental treatment to cure the dental injuries allegedly resulting from the September 3, 2016 incident, Stanberry reached maximum medical improvement and returned to full-duty work without restrictions with REC Marine.

XVI.

On or about January 12, 2017, Stanberry's employment with REC Marine was terminated.

XVII.

Except for his initially reporting of the alleged incident of September 3, 2016, Stanberry failed, despite numerous opportunities, to report any ongoing injuries to REC Marine, GOL, or JNB resulting from the alleged incident.

XVIII.

Despite meeting with the HSE Managers for REC Marine after his alleged incident on September 3, 2016, Stanberry failed to report any ongoing injuries to the HSE managers resulting from his alleged September 3, 2016 incident.

XIX.

Despite meeting and speaking with Casey Curole, the Port Captain for REC Marine and GOL, multiple times after his alleged incident on September 3, 2016, Stanberry failed to report any ongoing injuries to Casey Curole resulting from his alleged September 3, 2016 incident.

XX.

On or about January 9, 2017, GOL received correspondence from counsel retained by Stanberry, which, among other things, requested that GOL make maintenance and cure payments to or on behalf of Stanberry for injuries resulting from the alleged incident of September 3, 2016.

XXI.

After making the January 2017 request for maintenance and cure and despite failing to report any injuries whatsoever to GOL, JNB, or REC Marine after initially reporting the alleged September 3, 2016 incident, Stanberry visited the University of South Alabama Medical Center on or about March 6, 2017, complaining of headaches as well as neck and back injuries related to the alleged September 3, 2016 incident.

XXII.

During his March 6, 2017 visit to the University of South Alabama Medical Center, Stanberry admitted to a past medical history of suffering from Bell's Palsy. At no time prior to or during the course of his employment with REC Marine did Stanberry report to GOL, JNB, or REC Marine that he suffered from Bell's Palsy.

XXIII.

On or about March 30, 2017, Stanberry visited Dr. Kevin Danahoe of Alabama Orthopaedic Clinic for a consult relating to his alleged injuries resulting from the alleged September 3, 2016 incident. As a result of this visit, Dr. Danahoe ordered an MRI and neurology consult.

XXIV.

In light of Stanberry's January 2017 request for maintenance and cure and his subsequent March 2017 medical treatment, there exists genuine, justiciable controversy as to whether GOL

and/or JNB and/or REC Marine have satisfied their maintenance and cure obligations, if any, to Stanberry in relation to the alleged September 3, 2016 incident.

XXV.

As Stanberry was not employed by GOL at the time of his alleged incident on or about September 3, 2016, GOL does not owe Stanberry any maintenance and cure benefits under general maritime law.

XXVI.

As Stanberry was not employed by JNB at the time of his alleged incident on or about September 3, 2016, JNB does not owe Stanberry any maintenance and cure benefits under general maritime law.

XXVII.

Upon information and belief, Stanberry is capable of full-duty work, has reached maximum medical improvement, and is not due any maintenance and cure benefits in connection with the alleged September 3, 2016 incident, including, but not limited to, any cure payment for his March 2017 treatment by the University of South Alabama Medical Center or Dr. Donahue.

XXVIII.

While at all times asserting that Stanberry is capable of full-duty work, to the extent that the Court finds otherwise, any alleged injury and/or condition that Stanberry claims prevents him from returning to full-duty work was not caused by the alleged September 3, 2016 incident or any other alleged work-related incident while Stanberry was employed by REC Marine.

XXIX.

While at all times denying that an incident or injury occurred as alleged, to the extent that the Court finds otherwise, and to the extent that Stanberry was ever entitled to any maintenance

and cure benefits, GOL and/or REC Marine and/or JNB aver that they have paid all maintenance and cure benefits due and owing to Stanberry as a result of his alleged injuries on or about September 3, 2016.

XXX.

While at all times denying that an incident or injury occurred as alleged, to the extent that the Court finds otherwise, GOL and/or REC Marine and/or JNB aver that they are not obligated to make any maintenance or cure payments as a result of Stanberry's failure to fully disclose his relevant past medical history pursuant to *McCorpen v. Central Gulf S.S. Corp.*, 396 F.2d 547 (5th Cir. 1968).

XXXI.

GOL, REC Marine, and JNB seek a declaratory judgment, pursuant to 28 U.S.C. § 2201, declaring that GOL, REC Marine, and JNB: (1) satisfied their obligation, if any, to pay all due maintenance and cure benefits to or on behalf of Stanberry resulting from his alleged injury on September 3, 2016; and (2) no further maintenance and cure benefits are owed to Stanberry as a result of the alleged incident and injuries of September 3, 2016.

**WHEREFORE**, Plaintiffs, GOL, L.L.C., REC Marine Logistics, LLC, and JNB Operating, L.L.C. pray that, after due proceedings, this Honorable Court issue a judgment in favor of the Plaintiffs, declaring that GOL, L.L.C., REC Marine Logistics, LLC, and JNB Operating, L.L.C. are not obligated to make any further maintenance and cure payments to Defendant, Eric Stanberry, resulting from his alleged September 3, 2016 incident. Plaintiffs GOL, L.L.C., REC

Marine Logistics, LLC, and JNB Operating, L.L.C. further pray for all other legal, equitable, and general relief to which they are entitled.

        Respectfully submitted:

        */s/    **Salvador J. Pusateri***
        Salvador J. Pusateri T.A. (#21036)
        Kyle A. Khoury (#33216)
        Ryan T. Martin (#35227)
        PUSATERI, JOHNSTON, GUILLOT & GREENBAUM
        1100 Poydras Street
        Energy Centre – Suite 2250
        New Orleans, Louisiana 70163
        Telephone: (504) 620-2500
        Facsimile:  (504) 620-2510
        Salvador.Pusateri@pbgglaw.com
        Kyle.Khoury@pbgglaw.com
        Ryan.Martin@pbgglaw.com
        ATTORNEYS FOR GOL, L.L.C., REC MARINE
        LOGISTICS, LLC, and JNB OPERATING, L.L.C.